**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4700

PATRICK LEON MORRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-96-55)

Submitted: April 30, 1998

Decided: May 19, 1998

Before MURNAGHAN and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Paul Gregorio, MORRISSEY, HERSHNER & JACOBS, Rich-
mond, Virginia, for Appellant. Robert P. Crouch, Jr., United States
Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney,
Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Patrick Leon Morris ("Morris") pled guilty to one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(a) (1994). He appeals the district court's four-level enhancement of his sentence pursuant to USSG § 3B1.1(a).[1] Finding no clear error in the district court's factual determination as to Morris's role in the offense, we affirm.

I.

In April 1997, Morris entered his guilty plea in the district court. Thereafter, the district court ordered a presentence report (PSR), which was prepared and submitted to the parties in May 1997. Contained in the report was the statement that, "[b]ecause Morris was a leader within a conspiracy that involved five or more participants, the offense level is increased four levels, pursuant to U.S.S.G. § 3B1.1(a)."[2]

Morris's counsel objected to this and other portions of the PSR, and the district court heard those objections at a hearing in July 1997. At that hearing, Morris's counsel argued that the four-level enhancement was unwarranted as "Morris did not exercise control over five or more people [in the conspiracy in question]."[3] The district court disagreed with this argument, overruled the objection, and sentenced Morris to 300 months' imprisonment, to be followed by a sixty-month term of supervised release. Morris now appeals this sentence, again alleging that the imposition of the four-level sentence enhancement was improper.

_____

[1] **U.S. Sentencing Guidelines Manual** (1996).
[2] J.A. at 83 (sealed).

[3] **Id.** at 44.

II.

The four-level enhancement of Morris's sentence was based on § 3B1.1(a), which states that, "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase [offense level] by **4** levels." Morris asserts that § 3B1.1(a) requires that a defendant actually "exercise control over five or more people."**4** Morris argues that, because the probation officer who prepared the presentence report stated at the sentencing hearing that he could not find that "Morris actively directed, led, supervised, [or] organized" **5** more than five conspirators, there was no basis for either the PSR's recommendation or the district court's finding that Morris was "an organizer or leader of a criminal activity that involved five or more participants." In addition, Morris argues that the Government cannot now claim that, even if Morris was not a leader or organizer of at least five persons in a criminal activity, the drug operation in which Morris was involved was "otherwise extensive" because it did not assert that argument below.

We review a district court's factual determination of a defendant's role in an offense under the clearly erroneous standard.**6** Under this standard, we hold that the court properly applied § 3B1.1(a).

The language of § 3B1.1(a) is clear. The guideline does not require that a defendant have direct control or supervisory power over five or more independent conspirators. It merely requires that the defendant be "an <u>organizer</u> or leader of a criminal activity that <u>involved</u> five or more participants." (emphasis added). In addition, commentary following the guideline states that "[t]o qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants."**7**

In assessing the role of participants in criminal activity, a court should consider (1) the exercise of decision making authority; (2) the

_____

**4** J.A. at 44; <u>see also</u> Appellant's Br. at 12.
**5** J.A. at 31.
**6** <u>**See United States v. Hyppolite**</u> , 65 F.3d 1151, 1159 (4th Cir. 1995).
**7** USSG § 3B1.1(a), comment. (n.2).

nature of participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control exercised over others. **8** The transcript of the sentencing hearing discloses that the court properly considered each of these enumerated factors.**9** The court observed that Morris "appears to have been the principle [sic] source of the cocaine which came in for distribution by this conspiracy." **10** The court also found that Morris participated in breaking down the drugs to smaller quantities for street sales; that he established a "drug free zone" around his girlfriend's house; that the conspiracy was extensive in that it involved large quantities of cocaine and in that it covered a large geographic area; and that Morris "made the decision as to who was to get the crack cocaine once he'd broken it down." **11** Because we find no clear error in the district court's factual determinations as to the extent of Morris's role in the offense, we affirm Morris's sentence. Further, because we affirm the district court's finding that Morris was "an organizer or leader of a criminal activity that involved five or more participants," we need not reach the question of whether the conspiracy in question was "otherwise extensive."

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

_____

**8** See USSG § 3B1.1, comment. (n.4); United States v. Chambers, 985 F.2d 1263, 1268 (4th Cir. 1993).

**9** See J.A. at 54-58.

**10** Id. at 55.

**11** Id. at 57.

4